```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SHAIFAH SALAHUDDIN,

                Plaintiff,

        -v-                                                     No.  15 CV 6712-LTS-DCF

NEW YORK CITY DEPARTMENT OF
EDUCATION et al.,

                Defendants.

-------------------------------------------------------x
```

MEMORANDUM OPINION AND ORDER

Plaintiff Shaifah Salahuddin, who is proceeding pro se, was a teacher employed by the New York City Department of Education (the "DOE" and, collectively with the New York City Board of Education Panel for Educational Policy, "Defendants"[1]).  Plaintiff alleges that the DOE subjected her to unequal treatment during her time as a teacher, then wrongfully terminated her employment and blacklisted her from future employment with DOE vendors in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634; the New York State Human Rights Law, N.Y. Exec. Law §§ 290-297; and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 et seq.  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.  Defendants now move to dismiss the operative Amended Complaint (docket entry no. 4 (the "AC")) for failure to state a claim.  The Court has carefully considered the arguments by both parties and, for the reasons that follow, grants Defendants' motion and dismisses the Amended

---

[1]     This Court previously dismissed the case as against the other named defendants sua sponte.  (See docket entry no. 6.)

Complaint.

BACKGROUND

Plaintiff's Amended Complaint incorporates the more detailed allegations of her original Complaint (see AC, p. 4), and the Court therefore considers the allegations in both documents for purposes of this motion.  The Court has also considered the Post-Charge Stipulation of Settlement (the "Stipulation") provided by Defendants in connection with their motion (docket entry no. 19, Ex. 1), because the Stipulation is discussed in the AC governed the termination of Plaintiff's employment; it is therefore integral to the claims she has raised.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

Plaintiff was a teacher employed by the DOE until she signed the Stipulation, which provided fo her irrevocable resignation, on November 15, 2013.  (Stipulation, at ¶ 2.)  The Stipulation further provided that Plaintiff waived her rights "to make any legal or equitable claims or to initiate legal proceedings or administrative hearings of any kind . . . relating to or arising out of this matter."  (Id. at ¶ 7.)  Both Plaintiff and her attorney signed the Stipulation on August 6, 2013.  (Id. at p. 4.)

Plaintiff alleges generally that, following her resignation, she was assigned a "problem code" by the DOE that made her "ineligible for employment with these [DOE] affiliated vendors."  (AC, at p. 21.)  Plaintiff alleges generally that the DOE acted in retaliation for her efforts in assisting other DOE employees with their complaints and lawsuits against the DOE.  (AC, at p. 9.)  Plaintiff does not, however, proffer any factual support for these allegations, nor does she allege any facts relating to unsuccessful attempts to secure employment with DOE vendors.

In approximately September 2014, Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR") alleging employment discrimination and blacklisting by the DOE. (AC, at pp. 6-13.) Upon review of the complaint, NYSDHR issued a finding of no probable cause. (AC, at p. 3.) Plaintiff also filed a complaint with the United States Equal Opportunity Employment Commission ("EEOC"), seeking review of NYSDHR's determinations. (Id.) EEOC adopted the NYSDHR's finding of no probable cause on May 22, 2015. (AC, at p. 5.)

In her Complaint and in the AC, Plaintiff asks this Court to reverse the decisions of the NYSDHR and EEOC, or remand her case to those agencies for further proceedings, on the ground that Defendants "constructively denied" her requests for information and "withheld critical evidence" from the NYSDHR. (AC, pp. 4, 16.)

DISCUSSION

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This requirement is satisfied when the factual content in the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. 544, 556 (2007)). A complaint that contains only "naked assertions" or "a formulaic recitation of the elements of a cause of action" does not suffice. Twombly, 550 U.S. at 555, 557. The Court accepts as true the non-conclusory factual allegations in the complaint and draws all inferences in the Plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007). A pro se plaintiff is afforded greater leniency in meeting the pleading standard. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972);

Boykin v. KeyCorp, 521 F.3d 202, 213–14 (2d Cir. 2008).  However, a pro se complaint may still be dismissed where the plaintiff has failed to meet the minimum pleading requirements of the Federal Rules of Civil Procedure.  See Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997).

Claims against the DOE, as a school district in the State of New York, are governed by the provisions of New York Education Law § 3813(1), which provides in relevant part that no claim involving the rights or interests of any district may be brought "unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim."  In brief, the statute requires that a person seeking to make a claim against the DOE must make a written verified claim to the DOE, within three months after the claim accrued, prior to filing a complaint in court.  See Parochial Bus Sys., Inc. v. Board of Educ., 60 N.Y.2d 539, 548-49 (1983).

There is no indication in Plaintiff's pleadings or her opposition submissions that Plaintiff filed such a notice of claim.  Plaintiff asserts in her opposition brief that no notice of claim was necessary because her requested relief is equitable in nature.  See People United for Children, Inc. v. City of New York, 108 F. Supp. 2d 275, 301 (S.D.N.Y. 2000) ("New York courts have recognized that the notice-of-claims statute does not apply where the primary relief being sought is equitable in nature, and monetary damages are only incidental.")  However, Plaintiff's claim here includes a request for back pay and lost wages and benefits.  (See AC, at p. 17.)  This renders her monetary claim sufficiently central to Plaintiff's claim against the DOE to be more than merely an "incidental" aspect of her case, and Plaintiff is therefore subject to the notice of claim requirement.  See and compare Serkill LLC v. City of Troy, 259 A.D.2d 920, 921

(N.Y. App. Div. 3d Dep't 1999) (reviewing cases and noting that "the failure to serve a notice of claim has been excused in cases [that] involved requests for injunctive relief from continuing acts by a municipality," where "monetary damages were merely incidental to that relief").

Plaintiff also requests leave to file a late notice of claim. This request is foreclosed by the New York Court of Appeals' decision in <u>Cohen v. Pearl River Union Free School District</u>, 51 N.Y.2d 256 (1980), which held that "when an act such as service of notice of claim must be performed within a specific time as a means of complying with a statutory condition precedent, the time period in question operates as a limitation upon the right to recover rather than as a limitation only upon the remedy, and the tolls and extensions delineated in the CPLR generally may not be invoked to alter the statutorily designated deadline for the performance of the act." <u>Id.</u> at 264. Accordingly, this Court may not permit Plaintiff to file a late notice of claim because the notice is a required condition of her claim that cannot be extended or waived. See <u>Clarke-St. John v. City of New York</u>, 2016 WL 4263032, at *5-6 (N.Y. Sup. Ct. Aug. 4, 2016) (applying <u>Cohen</u> in the context of Section 3813 of the New York Education Law).

The notice of claim barrier would not be overcome in this case even if this Court were to hold that Plaintiff's NYSDHR and EEOC filings could be deemed a notice of claim, <u>see, e.g.</u>, <u>Kushner v. Valenti</u>, 285 F. Supp. 2d 314, 316 (E.D.N.Y. 2003) (holding that an EEOC Notice is sufficient to satisfy the statutory notice of claim requirement), because neither was filed within the three-month period after Plaintiff's resignation on November 13, 2013. Plaintiff's NYSDHR Complaint was notarized on September 27, 2014. (AC, p. 10.) Accordingly, Plaintiff's claims against the DOE for actions that occurred before June 29, 2014 (<u>i.e.</u>, 90 days before the NYSDHR Complaint was filed) are time barred. On the record before

the Court, Plaintiff cannot pursue claims based on her settlement with the DOE, her resignation from DOE employment, or any other conduct or events that predated June 29, 2014.

Plaintiff's only timely allegations against the DOE are (1) that the DOE delayed in responding to Freedom of Information Law ("FOIL") requests made by Plaintiff, and (2) that the DOE is engaging in a continuing course of retaliation by 'blacklisting' her from employment with DOE vendors.

Plaintiff does not state a viable claim with respect to her allegations that the DOE "constructively denied" or "obstructively delayed" her FOIL requests. "As several courts in this Circuit have held, 'a plaintiff has no property interest in obtaining FOIL documents.'" Lawrence v. Baxter, 2004 WL 1941347, at *3 (W.D.N.Y. Aug.31, 2004), aff'd, 139 F. App'x 365 (2d Cir. 2005) (quoting O'Bradovich v. Village of Tuckahoe, 325 F. Supp. 2d 413, 432 (S.D.N.Y. 2004)). New York law provides a specific procedure for review of an allegedly improper denial of a FOIL request: the requesting person must appeal the denial to the "head, chief executive or governing body" of the entity or agency in possession of the documents. N.Y. Pub. Off. Law. § 89(4)(a). She may then challenge the denial of the FOIL request on further appeal by commencing a proceeding under Article 78 of the New York Civil Practice Law and Rules. N.Y. Pub. Off. Law. § 89(4)(b). Plaintiff may not challenge the DOE's FOIL determinations for the first time in this Court, and her claims based on FOIL are therefore dismissed.[2]

---

[2] Plaintiff's related motion to remand this case to the NYSDHR and/or the EEOC for further proceedings was predicated upon her receipt of an order compelling the DOE to comply with her FOIL requests. (See docket entry no. 13.) Because Plaintiff has not demonstrated a basis for such an order, her motion to remand is similarly denied. Additionally, in the AC, Plaintiff references Article 78 of the New York Civil Practice Law and Rules when requesting remand to the administrative agencies. Article 78 permits special proceedings against certain administrative agencies, but requires that such a proceeding be brought in New York Supreme Court, and relief under Article 78 therefore is not available here. N.Y. C.P.L.R.

Plaintiff's sole remaining claim relates to her alleged 'blacklisting' by the DOE following her termination.  Plaintiff raised this claim before the NYSDHR (her NYSDHR Complaint specifically states that she was "targeted for termination & blacklisting"), which issued a finding of no probable cause, a finding that was adopted by the EEOC.  However, Plaintiff has not identified any applications that she made for employment with DOE vendors, nor any specific action she contends DOE took in connection with any such application or vendor.  Plaintiff's general allegations, even evaluated with the leniency afforded to pro se litigants, are too speculative and conclusory to render plausible her legal claims.  Absent concrete allegations, Plaintiff has failed to state a claim for blacklisting.

Plaintiff's AC is therefore dismissed in its entirety, without prejudice to a motion for leave to file a further amended complaint.  Any such motion must be made in the manner, and within the time limit, set forth below.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is granted in its entirety.  This Memorandum Opinion and Order resolves docket entry nos. 13 and 17.

In her opposition to the instant motion, Plaintiff requested leave to file a further amended pleading.  Plaintiff may file a motion for leave to file a second amended complaint no later than **October 20, 2016**.  The motion must be accompanied by a copy of her proposed Second Amended Complaint.  If Plaintiff does not file a motion for leave to amend by this

---

§ 7804(b).

deadline, this case may be dismissed with prejudice and closed without further advance notice.

    SO ORDERED.

Dated: New York, New York
      September 29, 2016

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
    Shaifah Salahuddin, pro se
    510 Riverdale Ave., Apt. 4E
    Brooklyn, N.Y.  11207