UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

SHAIFAH SALAHUDDIN

       Plaintiff,

  -v-                                           No. 15 CV 6712-LTS-DCF

NEW YORK CITY DEPARTMENT OF
EDUCATION et al.,

       Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

On September 29, 2016, this Court issued a Memorandum Opinion and Order (the "September Opinion") granting the motion of the New York City Department of Education (the "DOE") and the New York City Board of Education / Panel for Education Policy (together, "Defendants") to dismiss the then-operative Amended Complaint in its entirety, and granting Plaintiff Shaifah Salahuddin, pro se, leave to file a motion for leave to file a Second Amended Complaint along with a copy of her proposed Second Amended Complaint. (Docket Entry No. 56.) The September Opinion dismissed with prejudice Plaintiff's claims against the DOE that were based on (1) unequal treatment during her time as a teacher and wrongful termination of her employment, and (2) the DOE's delayed response to Freedom of Information requests. The September Opinion also held that Plaintiff had not plausibly stated a claim for blacklisting, but afforded Plaintiff the opportunity to amend her complaint to provide additional support for this claim.

On November 29, 2016, Plaintiff filed a proposed Second Amended Complaint ("SAC"), asserting claims for blacklisting pursuant to Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e et seq. ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"); the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y. City Admin. Code § 8-101 et seq. ("NYCHRL"). (Docket Entry No. 60. (the SAC)) This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. The Court has carefully considered the parties' submissions and, for the following reasons, Plaintiff's motion for leave to file a Second Amended Complaint is denied.

## BACKGROUND

The following recitation of facts, which are taken as true for purposes of the instant motion practice, is limited to those relevant to the sole potentially viable claim at issue here; the underlying facts of this case are set forth in the September Opinion. See Salahuddin v. New York City Dep't of Educ., No. 15 CV 6712, 2016 WL 5477739, at *2-3 (the September Opinion).

Plaintiff alleges that, following her irrevocable resignation from the DOE on November 15, 2013, she has been "blacklist[ed]" from future employment with DOE affiliated vendors. (SAC ¶ 1.) Since her termination, Plaintiff alleges, she has been unsuccessful in her attempts to secure employment with DOE-affiliated vendors. (Id. ¶ 17-22.) Plaintiff alleges that she applied for at least twenty jobs from 2013 through 2015, but that she was "virtually rejected from all of [the DOE] vendors." (Id. ¶ 17.) On some occasions, Plaintiff alleges she heard nothing further from her prospective employers after "inquir[ing] about [her] fingerprint results." (Id. ¶ 21.) Plaintiff alleges that this lack of response from her prospective employers was due to "[her] placement on [a] problem code/red-flag/no hire blacklist" by the DOE. (Id. ¶ 26.) Plaintiff alleges that there are several systems, including "the DOE/BOE HR Office of Personnel

Investigation (OPI) ... Personnel Eligibility Tracking Systems (PETS), New York City Automated Personnel System (NYCAPS) & other Human Resources Information Systems (HRIS)/Human Resources Management Systems (HRMS)," that all DOE affiliated vendors share and use to check the status of Plaintiff's eligibility using her fingerprint. (Id. ¶ 16.) Plaintiff alleges that she has been "problem coded/blacklisted/flagged" in all these systems. (Id.)

Plaintiff filed written complaints with the New York State Division of Human Rights and the Equal Employment Opportunity Commission alleging employment discrimination and blacklisting by the DOE in September 2014 and in May 2015, respectively. (See the September Opinion, at p. 3.) However, Plaintiff does not allege that the DOE engaged in any retaliatory conduct due to these complaints. (See generally SAC.)

Rather, Plaintiff alleges that the DOE acted in retaliation for her efforts in assisting other DOE employees with their complaints from 2005 through approximately 2011, during her employment. Construed in connection with other exhibits attached and submitted by Plaintiff, the SAC appears to allege that Plaintiff "[had] advocated for, assisted & advised others, in word & in deed, with their discrimination/harassment claims, even commenting & remarking in public about it." (Docket Entry No. 27, Ex. 2.[1]) In multiple exhibits submitted by Plaintiff, she alleges that "[o]ver the years, [she] assisted others in their complaints/grievances/

---

[1] This Exhibit was submitted by Plaintiff in connection with her "combined motion to compel, remand stay with bond etc., amend complaint to re-add Defendant responder and for an extension of time relief from order." (Docket entry no. 27.) "When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken." Caires v. Fed. Deposit Ins. Corp., No. 16 CV 02651 (JGK), 2017 WL 1393735, at *2 (S.D.N.Y. Apr. 18, 2017); see Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

lawsuits/hearings against the NYCBOE/DOE" and asserts in a general manner that "that's when the retaliation began." (Docket Entry 4 (the Amended Complaint) at p. 8; See Plaintiff's combined motion to compel and amend Exh. 3.) Additionally, at the end of her reply brief to the instant motion (the "Letter"), Plaintiff adds a short and conclusory statement that "[t]he protected activities were the race based issues raised at I.S. 52 & the union election at Choir." (Docket Entry No. 67 (the Letter) at p. 19.)

Plaintiff asserts that, because the agreement she had signed on November 15, 2013, did not explicitly state that this agreement ""will not/would not" affect [her] ability to work for NYCBOE/DOE vendors . . . DOE/BOE [has been] free to continue problem coding [her] record as so that exterior vendors & recruiters would reject [her] application." (SAC ¶ 16.)

## DISCUSSION

"Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." AEP Energy Services Gas Holding Co. v. Bank of America, N.A., 626 F.3d 699, 726 (2d Cir. 2010) (quoting Milanese v. Rust–Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001)). A proposed amendment is futile if it "could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Ruotolo v. City of N.Y., 514 F.3d 184, 188 (2d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The Court accepts as true the non-conclusory factual allegations in the complaint and draws all inferences in the Plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007). While pro se plaintiffs are held to less stringent standards, "even pro se plaintiffs asserting civil rights claims cannot withstand a motion to

dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" Jackson v. N.Y.S. Dep't of Labor, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing Twombly, 550 U.S. at 555).

In the post-employment context, "there are no bright-line rules" defining the boundaries of adverse action and consequently, "courts must pore over each case to determine whether the challenged employment action reaches the level of adverse." Wanamaker v. Columbian Rope Co., 108 F.3d 462, 466 (2d Cir. 1997). The Second Circuit limited the scope of Title VII's protection to "actions injurious to current employment or the ability to secure future employment." Id. (emphasis in original). "Impermissible adverse action may be found where an employer provides an untruthful letter of reference for a former employee who complained of discriminatory conduct, 'blacklists' or otherwise speaks ill of a former employee with retaliatory motive, or restricts an ex-employee's access to former co-workers in such a way as to hamstring future job prospects." Thompson v. Morris Heights Health Ctr., 2012 U.S. Dist. LEXIS 49165, at *15-16 (S.D.N.Y. Apr. 6, 2012); see Silver v. Mohasco Corp., 602 F.2d 1083, 1090 (2d Cir. 1979), rev'd on other grounds, Mohasco Corp. v. Silver, 447 U.S. 807, 810 (1980) (charges of post-employment blacklisting fall within the broad remedial scope of retaliatory provisions of Title VII). Accordingly, Plaintiff's sole potentially remaining "blacklisting" claim is understood and analyzed as a post-termination retaliation claim under Title VII, ADEA, NYSHRL, and the NYCHRL.

Title VII, the ADEA, and the NYSHRL prohibit retaliation against employees who exercise rights protected by those statutes. See 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d); N.Y. Exec. Law § 297(7). Title VII, ADEA and NYSHRL retaliation claims use the McDonnell Douglas burden-shifting framework. See Summa v. Hofstra Univ., 708 F.3d 115, 125 (2d Cir.

2013); see also Wanamaker, 108 F.3d at 465.  "To make out a prima facie case of retaliation, a plaintiff must make four showings: that '(1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity.'" Id. (quoting Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 608 (2d Cir. 2006)). The elements of a prima facie case of retaliation under the NYCHRL are identical, "except that the plaintiff need not prove any 'adverse' employment action; instead, he must prove that something happened that would be reasonably likely to deter a person from engaging in protected activity." Jimenez v. City of N.Y., 605 F.Supp.2d 485, 528 (S.D.N.Y. 2009) (quoting N.Y.C. Admin. Code § 8-107(7)).  "Plaintiff is not required to plead facts sufficient to establish a prima facie case of Title VII retaliation in order to survive a Rule 12(b)(6) motion to dismiss." James v. Countrywide Fin. Corp., 849 F. Supp. 2d 296, 311 (E.D.N.Y. 2012).  However, the complaint "must still nudge plaintiff's claims across the line from conceivable to plausible to survive [a] motion to dismiss." Flores v. N.Y. City Human Res. Admin., 10 cv 02407 (RJH), 2011 WL 3611340, at *8 (S.D.N.Y. Aug. 16, 2011); see Peterson v. Long Island R.R. Co., No. 10 CV 480, 2010 WL 2671717, at *4 (E.D.N.Y. June 30, 2010) (plaintiff "is not required to plead each element of disparate treatment, but rather must plead a facially plausible claim with sufficient facts to give the defendant fair notice of what the claim is and the grounds upon which it rests." (alterations and internal quotation marks omitted))

    The SAC fails to allege that Plaintiff engaged in a protected activity within the meaning of Title VII, the ADEA, NYSHRL and the NYCHRL.  Protected activity refers to "action taken to protest or oppose statutorily prohibited discrimination." Mira v. Argus Media, No. 15 CV 9990, 2017 WL 1184302 at 8 (S.D.N.Y. Mar. 29, 2017).  Plaintiff does not have to

demonstrate that the conduct she had complained about actually violates Title VII or NYSHRL, but only that she was acting under a good faith, reasonable belief that a violation existed. Id. (quoting Manoharan v. Columbia Univ. Coll. Of Physicians & Surgeons, 842 F.2d 590 (2d Cir. 1988)). Protected activity includes "informal protests of discriminatory employment practices, including making complaints to management, writing critical letters to customers, protesting against discrimination by industry or by society in general, and expressing support of co-workers who have filed formal charges." Id. (quoting Sumner v. U.S. Postal Serv., 899 F.2d 203, 209 (2d Cir. 1990)). Under the ADEA, a person engages in "protected activity" when she opposes discrimination on the basis of age. See 29 U.S.C. § 623(d).

Plaintiff's SAC blurs together theories of discrimination and retaliation, and Defendants correctly argue that Plaintiff does not sufficiently allege a protected activity in which she engaged that could cause an adverse action after her termination with the DOE. In multiple exhibits submitted by Plaintiff, she alleges that she assisted others and asserts in a general manner that the retaliation then began. However, nowhere in the SAC and in the Letter does the Plaintiff proffer facts to establish with specificity that she aided her colleagues or any other people at the DOE in a way that would rise to the level of a protected activity. Without a showing of participation in a protected activity, Plaintiff cannot establish that the DOE could have known of the protected activity. See Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 108 (2d Cir. 2011) (plaintiff's "generalized" complaints were not protected activity where employer "could not reasonably have understood that she was complaining of 'conduct prohibited by Title VII.'"). Plaintiff's short statement at the end of the Letter, stating that "[t]he protected activities were the race based issues raised at I.S. 52 & the union election at Choir," appears to be a "threadbare recital of the elements of a cause of action, supported by [a] mere

conclusory statement." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Taken on their face, these do not allege with specificity any act by Plaintiff herself. This Court "cannot invent factual allegations that [the plaintiff] has not pled." Id. Accordingly, Plaintiff's allegations in the SAC would not be sufficient to overcome a motion to dismiss the retaliation claim.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a Second Amended Complaint is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

This Memorandum Opinion and Order resolves docket entry no. 60. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
August 28, 2017

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:

Shaifah Salahuddin
510 Riverdale Avenue, Apt. 4E
Brooklyn, NY 11207